## Pennsylvania & New York Canal & Railroad Company, Plff. in Err., v. Emma J. Huff et al.

In an action to recover damages for the death of a person killed by a railroad train, while attempting to ride over the track at a public crossing, in a wagon driven by his servant, where the evidence showed that when deceased approached the track he stopped, looked, and listened, and the contention was whether the place where he stopped was a suitable one to see and hear, and whether due effort was made to ascertain if a train was approaching,—*Held*, that the evidence justified a finding for plaintiff, and that it was not error for the court to refuse to instruct the jury that under all the evidence the plaintiff could not recover, and that, unless the deceased stopped at a certain point and looked, plaintiff could not recover.

(Argued March 17, 1887.  Decided March 28, 1887.)

January Term, No. 333, E. D., before MERCUR, Ch. J.,

Cited in Stanton v. Delaware & H. Canal Co. 1 Lack. Jur. 245.

NOTE.—Whether the plaintiff stopped at the proper place is ordinarily for the jury. Ellis v. Lake Shore & M. S. R. Co. 138 Pa. 506, 21 Am. St. Rep. 914, 21 Atl. 140; Newhard v. Pennsylvania R. Co. 153 Pa. 417, 19 L. R. A. 563, 26 Atl. 105; Link v. Philadelphia & R. R. Co. 165 Pa. 75, 30 Atl. 820, 822; Newton v. Pittsburg & L. E. R. Co. 18 Pa. Super. Ct. 18; Neiman v. Delaware & H. Canal Co. 149 Pa. 92, 24 Atl. 96; Muckinhaupt v. Erie R. Co. 196 Pa. 213, 46 Atl. 364. But the rule is otherwise where he could have stopped at a place where he could see, but actually stopped at one at which he could not. Urias v. Pennsylvania R. Co. 152 Pa. 326, 25 Atl. 566; Keppleman v. Philadelphia & R. R. Co. 190 Pa. 333, 42 Atl. 697; Wojochoski v. Central R. Co. 10 Pa. Super. Ct. 469.

For authorities relating to injuries received by trains at highway crossings, see the following editorial notes presenting the authorities on their respective subjects:  At what railway crossings signals of trains are required, note to Sanborn v. Detroit, B. C. & A. R. Co. 16 L. R. A. 119; for whose benefit signals by approaching trains are required by statute at public crossings, note to Lonergan v. Illinois C. R. Co. 17 L. R. A. 254; giving of statutory signals as measure of trainman's duty, and neglect to give signals, note to New York, L. E. & W. R. Co. v. Leamon, 15 L. R. A. 426; liability for failure to give statutory signals when they would not have prevented the injury, note to Sowles v. Moore, 21 L. R. A. 723; negligence of railroad company in respect to flying switches or detached cars moving by their own momentum, note to Kentucky C. R. Co. v. Smith, 18 L. R. A. 63; contributory negligence at crossing, duty to stop, look, and listen, notes to Fletcher v. Fitchburg R. Co. 3 L. R. A. 744; Rupard v. Chesapeake & O. R. Co. 7 L. R. A. 316; Becke v. Missouri P. R. Co. 9 L. R. A. 157; Spicer v. Chesapeake & O. R. Co. 11 L. R. A. 385; negligence in passing between or under cars, note to Central R. & Bkg. Co. v. Rylee, 13 L. R. A. 634.

GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Bradford County to review a judgment on a verdict for plaintiffs in an action to recover for the death of plaintiffs' intestate at a railroad crossing. Affirmed.

Plaintiffs' intestate while riding in a lumber wagon with his hired man, Walker, who was driving on a public highway crossing defendant's railroad, was struck by an irregular train consisting of a locomotive and an express car, running at a high rate of speed, and was instantly killed.

At the trial in the court below before MORROW, P. J., it appeared that the railroad ran about north and south, and that the highway crossed the same at a right angle; the train in question was bound south, and Huff, the deceased, and Walker were approaching the crossing from the west; the view of the railroad from the highway towards the north in the direction of the approaching train was greatly obstructed on the west side by an orchard and a coal shed, the latter standing in the angle formed by the highway and the railroad. The coal house is 17½ feet from the west rail of the south bound track, on which the train in question was running. It appeared that the view of the track, after passing the coal house on the road, was unobstructed for a distance of a mile or so; but the view before reaching that spot was somewhat limited, and at the time of the accident a strong south wind was blowing. It appeared from the testimony of Walker, who was plaintiffs' principal witness, that they stopped before reaching the crossing and looked both ways, but did not see the approaching train or hear any noise of the same until the moment they were struck.

Other evidence was given that the parties stopped and looked before approaching the crossing, but the evidence was quite conflicting as to the spot where they stopped; the principal part of this evidence was fairly reviewed by the judge in his charge to the jury.

The defendant, *inter alia,* presented the following points:

1. That under all the evidence in the case the plaintiffs cannot recover.

*Ans.* We refuse to charge as requested in this point.

2. That unless the jury find from the evidence that Huff or Walker stopped their team after passing the coal house, and looked in the direction in which the train was coming, it was negligence *per se,* and the plaintiffs cannot recover.

*Ans.* This point is affirmed, if you find that Mr. Huff did not stop, look, and listen west of the coal house. Even if he did, I submit to you to say whether it was a proper place for him to stop, look, and listen, with the wind blowing from the south, and the view to the north obstructed by the orchard; if it was not, it was negligence to drive on the track without stopping and looking east of the coal house; and the plaintiffs cannot recover.

4. That, unless the jury find from the evidence that Walker looked up the track after passing the coal house and before the accident, the plaintiffs cannot recover.

*Ans.* The point is refused. The undisputed evidence is he did not look up the track at this point. If they had not stopped, looked, and listened west of the coal house, it was negligence to drive on the track, as sworn to by Walker, and the plaintiffs cannot recover.

The jury returned a verdict for plaintiffs for $5,750.

After hearing of motion for a new trial the court ordered plaintiffs "to remit from the verdict all in excess of $2,500 and file no bill of costs; rule for a new trial to be discharged; otherwise, to be made absolute and a new trial granted."

The plaintiffs remitted all in excess of $2,500, and judgment was entered accordingly.

The assignments of error specified the action of the court in refusing the motion for a compulsory nonsuit and the answers to defendant's points given above.

*Davies & Hall* and *Henry Streeter,* for plaintiff in error.— It is uncontradicted that there is a practically level piece of ground, 17½ feet wide, between the coal house and the west rail, on the approach to the track from the crossroad upon which Mr. Huff and Walker were traveling. It was their plain duty to have stopped at that place; and the learned court should have said so in plain, unmistakable language. Pennsylvania R. Co. v. Beale, 73 Pa. 509, 13 Am. Rep. 753; North Pennsylvania R. Co. v. Heileman, 49 Pa. 60, 88 Am. Dec. 482; Central R. Co. v. Feller, 84 Pa. 227; Catawissa R. Co. v. Armstrong, 49 Pa. 193.

*Evans & Maynard,* and *Rodney A. Mercur,* for defendants in error.—The rule is that where there is any evidence which alone would justify an inference of the disputed fact, it must go to

the jury, no matter how strong or persuasive may be the countervailing proof. Howard Exp. Co. v. Wile, 64 Pa. 205; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 125; Maynes v. Atwater, 88 Pa. 497; Egbert v. Payne, 99 Pa. 245; First Nat. Bank v. Wirebach, 106 Pa. 47; Hill v. National Trust Co. 108 Pa. 3, 56 Am. Rep. 189; First Nat. Bank v. First Nat. Bank, 114 Pa. 1, 6 Atl. 366.

The judge at the trial charged that "the rule is imperative that his duty was to stop, look, and listen before driving on the track. If he approached the track without having stopped and looked and listened, he cannot recover, because it was negligence *per se.*" Again: "The evidence of the other witnesses bearing upon this question you will call into consideration in determining this question whether they did stop; because if they did not stop west of the coal house, then it was their duty to have stopped down by the track; and if their view was obstructed there and they could not see, it was their duty to get out and see if there was a train coming. It has been said in one case that when the view is obstructed so they cannot see, it is the duty of the person or traveler to get out and take his horse by its head and look." Lehigh Valley R. Co. v. Brandtmaier, 113 Pa. 610, 6 Atl. 238; Pennsylvania R. Co. v. Ogier, 35 Pa. 71, 78 Am. Dec. 322; Schum v. Pennsylvania R. Co. 107 Pa. 8, 52 Am. Rep. 468.

It is the duty of the company to give timely and sufficient notice of the approach of trains where highways cross the railroad tracks. Pittsburg, Ft. W. & C. R. Co. v. Dunn, 56 Pa. 280; Pennsylvania R. Co. v. Barnett, 59 Pa. 259, 98 Am. Dec. 346; Philadelphia & R. R. Co. v. Killips, 88 Pa. 412; Pennsylvania R. Co. v. Horst, 16 W. N. C. 567.

It is the duty of the engineer, when his train approaches a public highway, to give warning by sounding whistle or other sufficient alarm. Philadelphia, W. & B. R. Co. v. Stinger, 78 Pa. 225.

Also to give proper and timely warning of the approach of its trains. Longenecker v. Pennsylvania R. Co. 105 Pa. 332.

Also to give sufficient and loud warning of some kind. Pennsylvania R. Co. v. Coon, 111 Pa. 438, 3 Atl. 234.

Such warning must be reasonable and timely. Continental Improvement Co. v. Stead, 95 U. S. 164, 24 L. ed. 405, and note.

The failure of an engineer approaching a highway to give

warning is negligence *per se..* Philadelphia, W. & B. R. Co. v. Stinger, 78 Pa. 225, and Longenecker v. Pennsylvania R. Co. 105 Pa. 332; Strong v. Sacramento & P. R. Co. 61 Cal. 326.

This warning must be nearer than 300 yards from the crossing. Louisville, C. & L. R. Co. v. Goetz, 79 Ky. 442, 42 Am. Rep. 227.

It must be given continuously when approaching a crossing. Smedis v. Brooklyn & R. B. R. Co. 88 N. Y. 13.

Numerous recoveries have been sustained where the plaintiff stopped, looked, and listened at varying distances from the track. Pennsylvania R. Co. v. Ogier, 35 Pa. 60, 78 Am. Dec. 322 (*80 feet*); Pennsylvania R. Co. v. Ackerman, 74 Pa. 265 (*10 feet*); Pennsylvania R. Co. v. Bock, 93 Pa. 427 (*60 feet*); Philadelphia & T. R. Co. v. Hagan, 47 Pa. 244, 86 Am. Dec. 541 (*40 feet*).

If the train was a special one, it was more incumbent upon the company to slacken their speed and sound the whistle and ring the bell, than if the train were running on regular time. Continental Improv. Co. v. Stead, 95 U. S. 164, 24 L. ed. 405.

PER CURIAM:

It would clearly have been error for the court to have taken this case from the jury. Henry Huff was killed while attempting to ride over the railroad at a public crossing. The unquestioned evidence is that when he approached the railroad he stopped, looked, and listened. The contention was whether the place where he stopped was a suitable one to see and hear, and whether due effort was made to ascertain if a train was approaching. The evidence as to this was well submitted by the court and justified the finding of the jury.

We see no error in the charge nor in the answers to the points.

Judgment affirmed.